CIVIL MINUTES – GENERAL    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANT ERIC GARCETTI'S MOTION TO DISMISS (Dkt. 40, filed on March 28, 2021)

VENTURA COUNTY DEFENDANTS' MOTION TO DISMISS (Dkt. 42, filed on March 29, 2021)

ORANGE COUNTY DEFENDANTS' MOTION TO DISMISS (Dkt. 43, filed on March 29, 2021)

STATE DEFENDANTS' MOTION TO DISMISS (Dkt. 44, filed on March 29, 2021)

DEFENDANT MICHAEL BERTELSEN'S MOTION TO DISMISS (Dkt. 45, filed on March 29, 2021)

SANTA BARBARA COUNTY DEFENDANTS' MOTION TO DISMISS (Dkt. 46, filed on March 29, 2021)

LOS ANGELES COUNTY DEFENDANTS' MOTION TO DISMISS (Dkt. 47, filed on March 29, 2021)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

I.    **INTRODUCTION**

On October 26, 2020, plaintiffs Mission Fitness Center, LLC; California Crossfit, LLC; Fitness First, Inc.; Rep Max Performance, LLC; SoCal Powerlifting, LLC; Movement FX, LLC; Lyons Property Management Company, Inc.; Jayda, Inc.; KOGym,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL |

LLC; House of Gains Gym, Inc.; Gym & Tone It, Inc.; Grey Group, LLC; and Grassroots Yoga, LLC (together, "plaintiffs"), brought suit in this Court against a range of state and local government officials (detailed below). Dkt. 1. Plaintiffs challenge those officials' various restrictions on business operations in response to the COVID-19 pandemic. Id.

In their operative Second Amended Complaint, plaintiffs allege claims for (1) violation of the Takings Clause of the Fifth Amendment to the United States Constitution ("Takings Clause") (claim one); (2) violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution ("Due Process Clause") (claim two); (3) violation of the right to liberty established by Article 1, section 1 of the California Constitution (claim three); (4) violation of the right to liberty established by Article 1, section 7 of the California Constitution (claim four); and (5) commandeering of private property in violation of Cal. Gov't Code § 8572 (claim five). Dkt. 39 ("SAC") ¶¶ 220–273.

On March 28 and 29, 2021, several defendants filed motions to dismiss. Dkts. 40 ("Garcetti MTD"), 42 ("Ventura County MTD"), 43 ("Orange County MTD"), 44 ("State MTD"), 45 ("Bertelsen MTD"), 46 ("Santa Barbara County MTD"), 47 ("L.A. County MTD"). On April 5, 2021, plaintiffs opposed. Dkts. 49 ("Opp. to L.A. County MTD"), 50 ("Opp. to Bertelsen MTD"), 51 (Opp. to Garcetti MTD"), 52 ("Opp. to Ventura County MTD"), 53 ("Opp. to Orange County MTD"), 54 ("Opp. to State MTD"), 55 ("Opp. to Santa Barbara County MTD"). And on April 12, 2021, defendants replied. Dkts. 56–62.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.  BACKGROUND

### A.  The Parties

Plaintiffs are California corporations or limited liability companies that operate gyms or other fitness establishments located in the Counties of Los Angeles, Orange, Riverside, San Bernardino, Santa Barbara, or Ventura. SAC ¶¶ 8–20.

For the purposes of clarity, defendants can be categorized by jurisdiction. Each has been sued in his or her official capacity. At the state level, the SAC alleges claims against defendants California Governor Gavin Newsom, former California Attorney General Xavier Becerra, and former California Department of Public Health Director and Public

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
|---|---|---|---|
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL | | |

Health Officer Sonia Angell (together, "State defendants").[1]  Id. at 4.  State defendants have moved to dismiss plaintiffs' SAC.

The SAC further alleges claims against defendant City of Los Angeles Mayor Eric Garcetti, id., who has also moved to dismiss plaintiffs' SAC.

The SAC alleges claims against defendants Los Angeles County Director and Public Health Officer Barbara Ferrer; Los Angeles County Sheriff Alex Villanueva; and Los Angeles County Supervisors Kathryn Barger, Janice Hahn, Sheila Kuehl, Mark Ridley-Thomas (former), and Hilda Solis (together, "Los Angeles County defendants").[2]  Id.  Los Angeles County defendants move to dismiss plaintiffs' SAC.

The SAC further alleges claims against defendants Orange County Director and Public Health Officer Clayton Chau; Orange County Sheriff Don Barnes; and Orange County Supervisors Lisa Bartlett, Doug Chaffe, Andrew Do, Michelle Steel (former), and Donald Wagner (together, "Orange County defendants").[3]  Id. at 4–5.  Orange County defendants have moved to dismiss plaintiffs' SAC.

---

[1] Since the filing of this suit, Becerra and Angell were replaced in their official capacities by Acting California Attorney General Matthew Rodriquez and Director of the California Department of Public Health and Public Health Officer Tomas Aragon, as noted in State defendants' motion to dismiss.  State MTD at 2.  Rodriguez has in turn been replaced by California Attorney General Rob Banta, although Banta has not been formally substituted into the case.  See State of California Department of Justice, Rob Banta Attorney General, https://oag.ca.gov/ (last visited May 4, 2021).

[2] Ridley-Thomas has been replaced in his official capacity by Holly Mitchell, who has not been formally substituted into the case.  See Los Angeles County Board of Supervisors, About Board of Supervisors, http://bos.lacounty.gov/About-Us/Board-of-Supervisors (last visited May 4, 2021).

[3] Steel has been replaced in her official capacity by Katrina Foley, who has not been formally substituted into the case.  See Orange County, Board of Supervisors, https://board.ocgov.com/about-board (last visited May 4, 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
|---|---|---|---|
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL | | |

The SAC alleges claims against defendants Ventura County Director and Public Health Officer Robert Levin; Ventura County Sheriff William Ayub; and Ventura County Supervisors Steve Bennett (former), Bob Huber, Kelly Long, Linda Parks, and John Zaragoza (former) (together, "Ventura County defendants").[4] Id. at 5. Ventura County defendants also move to dismiss plaintiffs' SAC.

The SAC alleges claims against defendants Santa Barbara County Health Officer Henning Ansorg; Santa Barbara County Sheriff Bill Brown; and Santa Barbara County Supervisors Peter Adam (former), Gregg Hart, Joan Hartmann, Steve Lavagnino, and Das Williams (together, "Santa Barbara County defendants").[5] Id. Santa Barbara County defendants move to dismiss the SAC.

The SAC also alleges claims against City of Azusa Chief of Police Mike Bertelsen, id. at 4, who has also moved to dismiss the SAC.

Finally, the SAC alleges claims against City of Irvine Chief of Police Mike Hamel, and City of Port Hueneme Chief of Police Andrew Salinas. Id. at 4, 5. Neither Hamel nor Salinas has filed a motion to dismiss.[6]

---

[4] Bennett and Zaragoza have been replaced in their official capacities by Matt LaVere and Carmen Ramirez, respectively, neither of whom have been formally substituted into the case. See County of Ventura, Board of Supervisors, https://www.ventura.org/board-of-supervisors/ (last visited May 4, 2021).

[5] Adam has been replaced in his official capacity by Bob Nelson, who has not been formally substituted into the case. See Santa Barbara County, Board of Supervisors, http://www.countyofsb.org/bos/ (Last visited May 4, 2021).

[6] The SAC also alleged claims against several officials from San Bernardino County: Acting Public Health Officer Erin Gustafson; Director and Chief Executive Officer of the Office of Emergency Services Gary McBride; Sheriff John McMahon; and Supervisors Josie Gonzales, Curt Hagman, Robert Lovingood, Dawn Rowe, and Janice Rutherford. SAC at 5. But plaintiffs dismissed these defendants pursuant to Federal Rule of Civil Procedure 41 on January 7, 2021. Dkt. 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL | | |

### B. State and Local Government Response to COVID-19

This case revolves around the COVID-19 pandemic, government response to the threats posed by COVID-19, and the significant economic hardships that response imposed on business owners across the State. In response to the pandemic, Governor Newsom declared a state of emergency on March 4, 2020, and, on March 19, 2020, he signed Executive Order N-33-20. Executive Order N-33-20 directed all California residents "to immediately heed the current State public health directives," which were concurrently issued by the California Department of Public Health ("CDPH"). Exec. Ord. N-33-20. Those directives, issued by the State Public Health Officer and Director of the CDPH, "order[ed] all individuals living in the State of California to stay home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sectors[.]" Id. The federal government had identified 16 critical infrastructure sectors "whose assets, systems, and networks, whether physical or virtual, are considered so vital to the United States that their incapacitation or destruction would have a debilitating effect on security, economic security, public health or safety, or any combination thereof."[7] Id. Accordingly, the CDPH Director "order[ed] that Californians working in these 16 critical infrastructure sectors may continue their work[.]" Id. the governor made violation of Executive Order N-33-20 punishable as a misdemeanor. Id.; see Cal. Gov't Code § 8665.

The legal and practical effect of Executive Order N-33-20 was, among other things, to permit businesses related to critical infrastructure sectors to continue operations, while those unrelated to critical infrastructure sectors were required to cease operations immediately. Businesses were thus effectively categorized as "essential" or "non-

---

[7] As of December 16, 2020, the 16 critical infrastructure sectors are: chemical; commercial facilities; communications; critical manufacturing; dams; defense industrial base; emergency services; energy; financial services; food and agriculture; government facilities; healthcare and public health; information technology; nuclear reactors, materials, and waste; transportation systems; and water and wastewater systems. Cybersecurity & Infrastructure Security Agency, Identifying Critical Infrastructure During COVID-19, https://www.cisa.gov/identifying-critical-infrastructure-during-covid-19 (last visited April 23, 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
|---|---|---|---|
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL | | |

essential." See SAC ¶¶ 80–82. In mid-March and early April 2020, the counties and cities at issue in this lawsuit issued orders in accordance with the Governor's state of emergency and related executive orders. See dkt. 39-1, SAC, Exh. 3. These local orders required various "non-essential" businesses to close, including plaintiffs'. SAC ¶ 87.

In all, numerous state and local orders were issued to mitigate the threat posed by COVID-19. Although plaintiffs do not specify which orders they challenge, for the purposes of the Court's Order, the Court refers to all orders issued by defendants to regulate business operations in response to COVID-19 ("Orders"). The Orders' impact on plaintiffs can be summarized as follows.

### C. Impact on Plaintiffs

There is no dispute that the closures mandated in response to COVID-19 took a significant financial toll on plaintiffs. Plaintiffs' businesses were classified as non-essential, ceased operation and often stopped billing their members monthly dues. SAC ¶¶ 110, 119, 130, 136, 160, 165, 173, 186, 199, 207, 214. Plaintiffs report losing hundreds of members. Id. ¶¶ 111, 138, 144, 156, 170, 204. While closed, plaintiffs apparently invested significant amounts of money into complying with defendants' Orders, such as by purchasing personal protective equipment, cleaning supplies, thermometers, and re-arranging the placement of equipment inside their facilities. Id. ¶¶ 112, 120, 131, 138, 145, 153, 161, 168, 174, 193, 201, 208, 215.

On June 12, 2020, plaintiffs were permitted to re-open so long as they implemented mandated sanitation guidelines and social distancing protocols, which they did. Id. ¶¶ 113–114, 122, 131, 139, 145, 152, 161, 168, 209, 216. However, a month later, on July 13, 2020, plaintiffs were forced to cease any indoor operations. Id. ¶¶ 115, 124, 132, 140, 155, 169, 177, 203, 217. Although the Orders permitted plaintiffs to operate outdoors, plaintiffs struggled to take advantage of this allowance because, in part, gym equipment was often fixed to the floors and walls for safety, and could not be moved outdoors. Id. ¶¶ 116, 126, 141, 162, 170, 180, 211, 218.

Plaintiffs brought suit to challenge the various Orders that required their temporary closure or outdoor operation. Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), to dismiss plaintiffs' claims for failure to state a claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　　　　'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL | | |

## III.　LEGAL STANDARD

A motion pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (*e.g.*, facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
|---|---|---|---|
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL | | |

judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.  DISCUSSION

Defendants advance numerous arguments for why plaintiffs' claims should be dismissed, not all of which are necessary to the disposition of the motions before the Court. The Court addresses those that are dispositive below, and joins a growing list of courts in this state that have dismissed substantially identical claims challenging many of the same or effectively the same state and local COVID-19–related orders. See Excel Fitness Fair Oaks, LLC v. Newsom, No. 2:20-cv-02153-JAM (CKD), 2021 WL 795670 (E.D. Cal. Mar. 2, 2021) (granting motion to dismiss); MetroFlex Oceanside LLC v. Newsom, No. 20-cv-2110-CAB-AGS, 2021 WL 1251225 (S.D. Cal. Apr. 5, 2021) (same); Culinary Studios, Inc. v. Newsom, No. 1:20-cv-1340-AWI (EPG), 2021 WL 427115 (E.D. Cal. Feb. 8, 2021) (same); see also PCG-SP Venture I LLC v. Newsom, No. EDCV 20-1138-JGB (KKx), 2020 WL 4344631 (C.D. Cal. June 23, 2020) (denying application for temporary restraining order on grounds that plaintiffs' claims were unlikely to succeed on the merits); Steel MMA, LLC v. Newsom, No. 21-cv-49-CAB-AGS, 2021 WL 778654 (S.D. Cal. Mar. 1, 2021) (same); Best Supplement Guide, LLC v. Newsom, No. 2:20-cv-00965-JAM (CKD), 2020 WL 2615022, at *8 (E.D. Cal. May 22, 2020) (same).

### A.  Requests for Judicial Notice

Federal Rule of Evidence 201 empowers a court to take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
|---|---|---|---|
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL | | |

Here, several defendants have requested the Court take judicial notice of (1) certain of the Orders at issue, (2) other government publications and guidance relating to COVID-19, (3) government-issued statistics regarding COVID-19, and (4) court filings in other cases. Dkts. 41 ("Garcetti RJN"), 43-1 ("Orange County RJN"), 44-2 ("State RJN"), 45-3 ("Bertelsen RJN"), 47-2 ("L.A. County RJN"), 63 ("Garcetti Supp. RJN").

Plaintiffs oppose the requests for judicial notice on the grounds that, while the documents themselves "are available on government websites, the information contained therein is not of common knowledge and is subject to reasonable dispute"; the selection of documents is a "self-serving" snapshot of information; and the requests do not meet the standards set forth in California Evidence Code sections 451 and 452. See dkts. 49-1 ("Opp. to L.A. County RJN"), 50-1 ("Opp. to Bertelsen RJN"), 51-1 ("Opp. to Garcetti RJN"), 53-1 ("Opp. to Orange County RJN"), 54-1 ("Opp. to State RJN").

The Court finds that judicial notice of the various documents is warranted as they are in the public record, and each document's accuracy can be readily determined and is not reasonably subject to dispute. King v. Cnty. of Los Angeles, 885 F.3d 548, 555 (9th Cir. 2018) ("[W]e take judicial notice of the undisputed and publicly available information displayed on government websites."); Peviani v. Hostess Brands, Inc., 750 F. Supp. 2d 1111, 1116 (C.D. Cal. 2010) (a court "may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the Pacer system via the internet" (citation omitted)). Furthermore, plaintiffs' argument that the selection of documents is "self-serving" is unavailing—they cite to no authority to support their argument, and, in any event, a party may present evidence which serves its arguments. Finally, plaintiffs' reliance on California rules of evidence is misplaced because federal rules of evidence, not California's, govern requests for judicial notice in federal courts. Primiano v. Cook, 598 F.3d 558, 563 (9th Cir. 2010) ("The Federal Rules of Evidence 'govern proceedings in the courts of the United States.'" (quoting Fed. R. Evid. 101)).

Accordingly, the Court **GRANTS** defendants' requests for judicial notice.

**B.     Fourteenth Amendment Due Process Claim**

Plaintiffs advance several theories of liability within their due process claim: a substantive due process violation, a procedural due process violation, and a vagueness claim. SAC ¶¶ 234, 236, 237. Defendants move to dismiss each.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL | | |

1. <u>Substantive Due Process</u>

"The substantive component of the Due Process Clause forbids the government from depriving a person of life, liberty, or property in such a way that … interferes with rights implicit in the concept of ordered liberty." <u>Engquist v. Oregon Dep't of Agric.</u>, 478 F.3d 985, 996 (9th Cir. 2007) (quotation omitted, alteration in original).

The parties first dispute whether the Court should apply traditional constitutional analysis to plaintiffs' claims, or whether it should apply the standard articulated in <u>Jacobson v. Commonwealth of Massachusetts</u>, 197 U.S. 11 (1905) ("<u>Jacobson</u>"). Under <u>Jacobson</u>, a measure aimed at addressing a public health emergency must only (1) bear a "real or substantial relation" to abating the emergency, and (2) not be, "beyond all question, a plain, palpable invasion of rights secured by the fundamental law." <u>Id.</u> at 31. However, <u>Jacobson</u> pre-dated the tiers of scrutiny courts now use to evaluate the constitutionality of state action, and certain authorities have concluded that the standard applied in <u>Jacobson</u> is effectively identical to rational basis review. See <u>Roman Cath. Diocese of Brooklyn v. Cuomo</u>, 141 S. Ct. 63, 70 (2020) ("<u>Roman Cath. Diocese</u>") (Gorsuch, J. concurring) ("Although <u>Jacobson</u> pre-dated the modern tiers of scrutiny, this Court essentially applied rational basis review to Henning Jacobson's challenge to a state law[.]"); <u>Big Tyme Investments, LLC v. Edwards</u>, 985 F.3d 456, 467 (5th Cir. 2021).

Plaintiffs nevertheless argue the Court should not apply the <u>Jacobson</u> standard. Opp. to L.A. County MTD at 7–8; Opp. to Garcetti MTD at 7–8; Opp. to Ventura County MTD at 7; Opp. to Orange County MTD at 6–7; Opp. to State MTD at 7–8; Opp. to Santa Barbara County MTD at 6–7. Plaintiffs' principal argument to this effect is that the Supreme Court's ruling in <u>Roman Catholic Diocese</u> limited <u>Jacobson</u>'s application. But the controlling opinion in <u>Roman Catholic Diocese</u> did not address <u>Jacobson</u>. And the concurrence to which plaintiffs cite simply concluded that <u>Jacobson</u> did not warrant abandoning strict scrutiny when analyzing government action that infringed on religious free exercise rights protected by the First Amendment to the United States Constitution. See <u>Roman Cath. Diocese</u>, 141 S. Ct. at 70 (Gorsuch, J. concurring). Here, plaintiffs have not established that defendants' Orders infringe on a fundamental right, as discussed below. See <u>Excel Fitness</u>, 2021 WL 795670, at *4 (distinguishing <u>Roman Cath. Diocese</u> on these grounds). In any event, the Court need not decide whether <u>Jacobson</u> applies—or whether it represents a materially different standard from rational basis review—because plaintiffs' claims fail under traditional constitutional analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
|---|---|---|---|
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL | | |

Another preliminary dispute between the parties is whether plaintiffs have established that the Orders at issue infringe on a fundamental right such that they trigger heightened constitutional protections. "Substantive due process cases typically apply strict scrutiny in the case of a fundamental right and rational basis review in all other cases." Witt v. Dept. of the Air Force, 527 F.3d 806, 817 (9th Cir. 2008). Plaintiffs contend that the Orders interfered with their fundamental liberty interest to choose one's line of work. Opp. to L.A. County MTD at 10–11; Opp. to Bertelsen MTD at 10; Opp. to Garcetti MTD at 11–12; Opp. to Ventura County MTD at 11; Opp. to Orange County MTD at 10–11; Opp. to State MTD at 11–12; Opp. to Santa Barbara County MTD at 10–11. Plaintiffs principally rely on a case from the Southern District of California, Bols v. Newsom, No. 20-cv-00873-BEN (BLM), 2021 WL 268609 (S.D. Cal. Jan. 26, 2021) ("Bols"). In Bols, the court found that business owners forced to close their businesses in light of COVID-19–related restrictions enjoyed a "fundamental constitutional right to use [their] labor in a common occupation." Id. at *6.

However, the Ninth Circuit, also addressing due process claims alleged by business owners aggrieved by the COVID-19 shutdown, observed that "[w]e have 'never held that the right to pursue work is a fundamental right,' and, as such, the district court likely did not err in applying rational basis review to [the plaintiffs'] due process claims." Tandon v. Newsom, 992 F.3d 916 (9th Cir. 2021) (quoting Sagana v. Tenorio, 384 F.3d 731, 743 (9th Cir. 2004)), disapproved of on other grounds in later proceedings, No. 20A151, 2021 WL 1328507 (U.S. Apr. 9, 2021). Plaintiffs attempt to avoid the holding in Tandon by arguing that it was "an afterthought," see, e.g., Opp. to L.A. County MTD at 13, but that is not the case. That conclusion was dispositive of the business-owner appellants' argument on appeal that the district court erred in denying their motion for a preliminary injunction. Accordingly, because plaintiffs have not alleged infringement of a fundamental right, rational basis review applies to plaintiffs' due process claim. Engquist, 478 F.3d at 997 (applying rational basis review for right to pursue a profession).

Under rational basis review, "[i]f a statute is not arbitrary, but implements a rational means of achieving a legitimate governmental end, it satisfies due process." Kim v. United States, 121 F.3d 1269, 1273 (9th Cir. 1997) (quotation omitted). Plaintiffs "shoulder a heavy burden" of showing that the government "could have had no legitimate reason for its decision." Halverson v. Skagit Cty., 42 F.3d 1257, 1262 (9th Cir. 1994) (quotation omitted). Here, there is no dispute that preventing the spread of COVID-19 is a legitimate government end. Roman Cath. Diocese, 141 S. Ct. at 67. And plaintiffs have not met their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL | | |

heavy burden of negating any possible legitimate reason for implementation of the Orders, nor, for that matter, for classifying gyms as "non-essential." To the contrary, numerous courts have found that orders closing gyms survive rational basis review. See League of Indep. Fitness Facilities & Trainers, Inc. v. Whitmer, 814 F. App'x 125, 129 (6th Cir. 2020) ("[T]he idea that heavy breathing and sweating in an enclosed space containing many shared surfaces creates conditions likely to spread the virus is a paradigmatic example of 'rational speculation' that fairly supports the [Michigan] Governor's treatment of indoor fitness facilities."); Excel Fitness, 2021 WL 795670, at *5. Plaintiffs therefore fail to state a substantive due process claim.

    2.    Procedural Due Process

Plaintiffs further allege that defendants "fail[ed] to provide any meaningful procedure for challenging [their] determination that a business is non-essential, either pre or post deprivation of Plaintiffs' constitutional right to use of their property." SAC ¶ 237. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process clause[.]" Mathews v. Eldridge, 424 U.S. 319, 332 (1976). "However, '[w]hen the action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law.'" Halverson, 42 F.3d at 1260 (quoting Sierra Lake Reserve v. City of Rocklin, 938 F.2d 951, 957 (9th Cir. 1991)) (alteration in original). To determine whether government action is legislative in nature, courts "focus[] on the 'character of the action, rather than its label[.]'" Id. (quoting Harris v. County of Riverside, 904 F.2d 497, 501 (9th Cir. 1990)). Accordingly, and relevant here, "governmental decisions which affect large areas and are not directed at one or a few individuals do not give rise to the constitutional procedural due process requirements of individual notice and hearing[.]" Id. at 1261.

Defendants argue that there is no due process right to individual notice and hearing because the Orders reflect government decisions that are of general applicability. Garcetti MTD at 22–23; Ventura County MTD at 11; Orange County MTD at 14–15; State MTD at 14; Santa Barbara County MTD at 11–12; L.A. County MTD at 14–15.

Plaintiffs, again citing to Bols, respond that the Orders are not legislative but rather executive in nature, and that, in any event, determining whether an action is legislative or executive is a question of fact not properly decided on a motion to dismiss. Opp. to L.A. County MTD at 11–12; Opp. to Bertelsen MTD at 10; Opp. to Garcetti MTD at 12; Opp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
|---|---|---|---|
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL | | |

to Ventura County MTD at 11–12; Opp. to Orange County MTD at 11; Opp. to State MTD at 12; Opp. to Santa Barbara County MTD at 11.

This Court joins others to have addressed the question and determines that the challenged Orders are decisions of general applicability that, therefore, are legislative in nature and do not entitle plaintiffs to individual notice or hearing. See Excel Fitness, 2021 WL 795670, at *5; PCG-SP Venture I, 2020 WL 4344631, at *8; Steel MMA, 2021 WL 778654, at *4. The Orders affect all individuals and businesses operating in their respective jurisdictions, and are not directed at one or a few individuals. See PCG-SP Venture I, 2020 WL 4344631, at *8. And the provisions that address gyms address all gyms, not just one or a few. On these grounds, the Court respectfully disagrees with the Bols court's conclusion that such orders "appear to be[] pure executive action[.]" Bols, 2021 WL 268609, at *5. Finally, there appears to be no additional fact discovery that would alter the conclusion that the Orders are generally applicable, so decision on a motion to dismiss is appropriate. Plaintiffs have therefore failed to state a procedural due process claim.

3. <u>Vagueness</u>

Finally, plaintiffs allege that the Orders "fail to provide sufficient notice of which actions will potentially subject Plaintiffs to civil or [] criminal penalties," and that "[i]t would, at best, be unclear to any person of ordinary intelligence what Defendants' Orders collectively prohibit and/or allow." SAC ¶ 234. A law or executive order "is impermissibly vague if it [1] fails to provide a reasonable opportunity to know what conduct is prohibited, or [2] is so indefinite as to allow arbitrary and discriminatory enforcement." Arce v. Douglas, 793 F.3d 968, 988 (9th Cir. 2015); see Edge v. City of Everett, 929 F.3d 657, 664 (9th Cir. 2019). "[A] party challenging the facial validity of an ordinance on vagueness grounds outside the domain of the First Amendment must demonstrate that 'the enactment is impermissibly vague in all of its applications.'" Hotel & Motel Ass'n of Oakland v. City of Oakland, 344 F.3d 959, 972 (9th Cir. 2003) (quoting Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc., 455 U.S. 489, 495 (1982)).

Defendants argue that plaintiffs fail to state a claim for unconstitutional vagueness because they point to no supposedly vague language in the orders, and, in any event, the orders clearly define prohibited activities. Garcetti MTD at 21–22; Ventura County MTD at 10–11; Orange County MTD at 15–16; State MTD at 18–19; Bertelsen MTD at 30–31; Santa Barbara County MTD at 13; L.A. County MTD at 19–20. Plaintiffs do not directly address these arguments in their oppositions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL | | |

Plaintiffs' claim that the Orders are void for vagueness is conclusory and is not supported by any factual allegations. On this ground, their claim must be dismissed. See Iqbal, 556 U.S. at 679 (legal conclusions "must be supported by factual allegations"); Excel Fitness, 2021 WL 795670, at *6. Furthermore, plaintiffs have not met their burden of showing that the Orders are impermissibly vague "in all of [their] applications." To the contrary, other allegations in plaintiffs' SAC make it apparent plaintiffs were aware of what conduct the Orders did or did not prohibit. See MetroFlex, 2021 WL 1251225, at *5. Plaintiffs therefore fail to state an unconstitutional vagueness claim.

    4.    <u>Leave to Amend</u>

As noted above, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib., 806 F.2d at 1401. But leave to amend is the general rule. Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018). In this case, although it is unclear what factual allegations could save plaintiffs' due process claims, it is nevertheless the case that plaintiffs' allegations are cast at a high level of generality. The Court therefore cannot say with confidence that no factual allegations consistent with those pled in the SAC could support plaintiffs' claims. As such, leave to amend is the prudent course of action. See Culinary Studios, 2021 WL 427115, at *19 (granting leave to amend all but procedural due process claim).

Accordingly, the Court **DISMISSES** each of plaintiffs' due process claims **without prejudice**.

    **C.**    **Fifth Amendment Takings Claim**

Plaintiffs also allege defendants' Orders violate the Takings Clause of the Fifth Amendment because the Orders deprived plaintiffs of "all economically beneficial use of their businesses without just compensation[.]" SAC ¶ 222. "The Takings Clause of the Fifth Amendment states that 'private property [shall not] be taken for public use, without just compensation.'" Knick v. Twp. of Scott, Pennsylvania, 139 S. Ct. 2162, 2167 (2019) (quoting U.S. Const. amend. V) (alteration in original). Although the parties dispute whether plaintiffs have alleged a property interest in operating their businesses, the Court finds that, even if plaintiffs have made such a showing, their takings claim fails.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL | | |

1. Total Regulatory Taking

Defendants generally argue that plaintiffs do not state a claim for a total regulatory taking because they do not allege a complete loss of economic value. Garcetti MTD at 26; Ventura County MTD at 12; Bertelsen MTD at 22–23; Santa Barbara County MTD at 8; L.A. County MTD at 10. Plaintiffs respond that they have sufficiently alleged that defendants' "implementation of the orders deprives Plaintiffs of all effective economically beneficial uses of their businesses," namely because "loss of membership necessarily means loss of membership dues[.]" Opp. to L.A. County MTD at 10; Opp. to Bertelsen MTD at 9; Opp. to Garcetti MTD at 10–11; Opp. to Ventura County MTD at 10; Opp. to Orange County MTD at 9–10; Opp. to State MTD at 10; Opp. to Santa Barbara County MTD at 9–10.

A total regulatory taking, or a Lucas taking, occurs when a regulation "completely deprive[s] an owner of '*all* economically beneficial us[e]' of her property." Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 538 (2005) (quoting Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1019 (1992)) (emphasis and second alteration in original). Here, assuming plaintiffs have alleged a protected property interest, they have not alleged a complete loss of economic value. To the contrary, the Orders permit operating outdoors, among other things. See Culinary Studios, 2021 WL 427115, at *14. As such, plaintiffs fail to state a claim for a total regulatory taking.

2. Partial Regulatory Taking

Defendants further argue that plaintiffs fail to state a claim for a partial regulatory taking on the grounds that, among other things, the character of the government action cannot constitute a taking, and Supreme Court precedent forecloses the argument that a temporary closure of this duration is a compensable taking. Garcetti MTD at 26–29; Ventura County MTD at 9–10; Orange County MTD at 13–14; State MTD at 12–13; Bertelsen MTD at 24–26; Santa Barbara County MTD at 8–9; L.A. County MTD at 11–12. Plaintiffs do not directly address these arguments in their oppositions.

Partial regulatory takings are assessed under the three-part test established in Penn Central Transportation Authority v. City of New York, 438 U.S. 104 (1978) ("Penn Central"). The Penn Central inquiry analyzes (1) "[t]he economic impact of the regulation on the claimant," (2) "the extent to which the regulation has interfered with distinct investment-backed expectations," and (3) "the character of the government action." Id. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL | | |

124; see Sierra Med. Servs. All. v. Kent, 883 F.3d 1216, 1225 (9th Cir. 2018). But the Supreme Court cautioned that regulations that merely "adjust[ ] the benefits and burdens of economic life to promote the common good" are less likely to constitute a taking than those that enact a "physical invasion" of property. Id. at 124.

Here, assuming plaintiffs can show an economic impact on their property interest and that the Orders interfered with their distinct investment-backed expectations, defendants' Orders nevertheless "are quintessential examples of regulations that 'adjust[ ] the benefits and burdens of economic life to promote the common good[.]'" PCG-SP Venture I, 2020 WL 4344631, at *10 (quoting Penn Central, 438 U.S. at 124) (alterations in original). Moreover, plaintiffs fail to explain why the Orders here constitute a partial regulatory taking when the Supreme Court has found that a 32-month, complete moratorium on development was not a taking under Penn Central. See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency, 535 U.S. 302, 316, 319–20, 321, 343 (2002) (applying Penn Central and finding no taking where moratorium on development deprived land of all economic value for 32 months); Excel Fitness, 2021 WL 795670, at *5 ("Given that the Supreme Court did not find a 32-month moratorium to constitute a regulatory taking, Plaintiffs' allegations of a few months of gym closures, [Citations], followed by reopening with COVID-19-safety-related restrictions, [Citations], are clearly insufficient to establish a regulatory taking."). As such, plaintiffs fail to state a claim for a partial regulatory taking.

### 3. Leave to Amend

As with plaintiffs' due process claims, it is unclear what factual allegations could cure plaintiffs' takings claim. Nevertheless, for the reasons stated above, the Court finds granting leave to amend the prudent course of action. See Culinary Studios, 2021 WL 427115, at *15 (granting leave to amend takings claim).

Accordingly, the Court **DISMISSES** plaintiffs' takings claim **without prejudice**.

### D. State-Law Claims

Plaintiffs' state-law claims allege violations of the Liberty Clause of the California Constitution, Cal. Const. Art. 1, § 1; the Equal Protection Clause of the California Constitution, Cal. Const. Art. 1, § 7; and Cal. Gov. Code § 8572, which authorizes the Governor of California to commandeer private property in a state of emergency.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-09824-CAS-KSx | Date | May 10, 2021 |
|---|---|---|---|
| Title | MISSION FITNESS CENTER, LLC ET AL v. GAVIN NEWSOM ET AL | | |

A district court may decline to exercise supplemental jurisdiction over state-law claims when it has dismissed the claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). In this case, the Court had original jurisdiction over claims one and two, which arose under the United States Constitution. Having dismissed those claims, the Court is disinclined to exercise supplemental jurisdiction over plaintiffs' state-law claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (holding that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"). However, because plaintiffs have been granted leave to amend their federal claims, the Court will defer addressing the state-law claims until such time as plaintiffs file or decline to file an amended complaint.

## V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motions to dismiss in part, and **DISMISSES** plaintiffs' first and second claims **without prejudice**. The Court **reserves judgment** on plaintiffs' third, fourth and fifth claims until such time as plaintiffs file or decline to file an amended complaint. If plaintiffs intend to amend their claims for relief in order to cure the defects noted in this order, they must do so by **May 24, 2021**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |